UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| NEAL E. HAVLIK<br>REG. # 24985-009 | : | DOCKET NO. 18-cv-0692<br>SECTION P |
| VERSUS | : | JUDGE SUMMERHAYS |
| UNITED STATES OF AMERICA | : | MAGISTRATE JUDGE KAY |

## MEMORANDUM ORDER

Before the court are a Motion for Temporary Restraining Order and Preliminary Injunction [doc. 21] under Federal Rule of Civil Procedure 65, filed by federal inmate Neal E. Havlik. Havlik has filed a Federal Tort Claims Act suit based on his medical and dental care at the Federal Correctional Institution at Oakdale, Louisiana ("FCIO"), where he is still incarcerated. *See* doc. 1. Havlik now seeks injunctive relief on allegations that Bureau of Prisons employees are (1) withholding and destroying his medical records, (2) denying him medical care, (3) transferring him "every few days to few weeks" in order to prevent him from litigating his case, and (4) otherwise retaliating against him for bringing suit. Doc. 21. He asks that the court restrain the government from (1) retaliating against him for seeking medical care/pursuing this suit and (2) confiscating his records, books, and papers. He also requests that all medical records, copies of grievances, and videos be placed under seal for in camera inspection. *Id.* This request has been served on the government, which has already made an appearance in the suit, through the court's electronic filing system.

Where the opposing party receives notice of the application for a temporary restraining order ("TRO"), the court follows the same procedure with respect to both the TRO and preliminary

injunction. 11A Charles A. Wright et al., Fed. Prac. & Proc. Civ. § 2951 (3d ed.). "Notice," however "necessarily requires that the [opposing party] has the opportunity to be heard and to present evidence." *Opulent Life Church v. City of Holly Springs*, 697 F.3d 279, 298 (5th Cir. 2012) (quotation omitted). A TRO may be issued without notice only if (1) specific facts in an affidavit or verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard; and (2) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required. Fed. R. Civ. P. 65(b)(1). The purpose of a TRO is "preserving the status quo and preventing irreparable harm just so long as is necessary to hold a hearing, and no longer." *Granny Goose Foods, Inc. v. Brotherhood of Teamsters and Auto Truck Drivers Local No. 70 of Alameda Cnty.*, 415 U.S. 423, 439 (1974).

Havlik attaches numerous self-authored declarations. He describes his efforts to obtain medical care and alleged acts of retaliation by FCIO staff, including changing his job assignment, cutting off his pain medication, refusing to file his grievances, and placing him in solitary confinement for six days without food or medications. Doc. 21, att. 1. He also alleges that his medical records have been destroyed or concealed, based on an encounter with an FCIO physician who claimed that a certain X-ray showing Havlik's fractured spine, which Havlik had previously seen, was not in his records. *Id.* at 2.

Havlik's claims of retaliatory transfer, placement in solitary confinement, and medical treatment do not show a clear likelihood of immediate and irreparable injury to be granted without allowing a response from the government, because (1) he has not been transferred from FCIO, nor shown that any such transfer was ordered; (2) his allegations of deficient medical care, primarily relating to a back injury, have persisted for over a year and he does not show that the short delay

required for a response would itself cause an irreparable injury; and (3) he only alleges that he was placed in solitary confinement for six days, and does not indicate that he is still there. His allegation of destruction of medical records relates only to one allegedly missing X-ray. Although he complains that the government has not obeyed discovery orders, he has not filed any motion to compel in this court to support his claim. Accordingly, Havlik does not meet the standard for obtaining a temporary restraining order without response from the government and the court next reviews his request for preliminary injunctive relief.

To obtain a preliminary injunction, a movant must show (1) a substantial likelihood of success on the merits of the underlying suit, (2) a substantial threat that he will suffer irreparable injury if the injunction is not granted, (3) that the threatened injury outweighs any damage that the injunction might cause the defendant, an (4) that the injunction will not disserve the public interest. *Bluefield Water Ass'n, Inc. v. City of Starkville, Miss.*, 577 F.3d 250, 252–53 (5th Cir. 2009). The party seeking a TRO or preliminary injunction carries the "heavy burden" of showing that his request meets each of these requirements. *Clark v. Prichard*, 812 F.2d 991, 993 (5th Cir. 1987); *Enterprise Int'l, Inc. v. Corporacion Estatal Petrolera Ecuatoriana*, 762 F.2d 464, 472 (5th Cir. 1985). In a prison setting, requests for preliminary injunctive relief are "viewed with great caution because judicial restraint is especially called for in dealing with the complex and intractable problems of prison administration." *Goff v. Harper*, 60 F.3d 518, 520 (8th Cir. 1995) (internal quotations omitted). The court must "give substantial weight to any adverse impact on public safety or the operation of a criminal justice system caused by the preliminary relief. . . ." 18 U.S.C. §§ 3626(a)(1)(A), (a)(2).

Havlik's allegations, especially relating to denial of medical care and pain medication, are sufficient to require a response from the government on his ability to obtain preliminary injunctive

relief. Accordingly, the government is ordered to provide a response to this motion within **14 days** of this order, after which Havlik will have **7 days** to file any reply.

THUS DONE AND SIGNED in Chambers this 19th day of October, 2018.

_____
ROBERT R. SUMMERHAYS
UNITED STATES DISTRICT JUDGE