UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **NEAL E. HAVLIK** | : | **DOCKET NO. 18-cv-0692** |
| REG. # 24985-009 | | **SECTION P** |
| **VERSUS** | : | **JUDGE SUMMERHAYS** |
| **UNITED STATES OF AMERICA** | : | **MAGISTRATE JUDGE KAY** |

### REPORT AND RECOMMENDATION

Before the court are a Motion for Temporary Restraining Order and Preliminary Injunction [doc. 21], filed by federal inmate Neal E. Havlik. Havlik has filed a Federal Tort Claims Act suit based on his medical and dental care at the Federal Correctional Institution at Oakdale, Louisiana ("FCIO"), where he is still incarcerated. *See* doc. 1. The motion has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636.

Havlik seeks injunctive relief on allegations that Bureau of Prisons employees are (1) withholding and destroying his medical records, (2) denying him medical care, (3) transferring him "every few days to few weeks" in order to prevent him from litigating his case, and (4) otherwise retaliating against him for bringing suit. Doc. 21. He asks that the court restrain the government from (1) retaliating against him for seeking medical care/pursuing this suit and (2) confiscating his records, books, and papers. He also requests that all medical records, copies of grievances, and videos be placed under seal for in camera inspection. *Id.* This request has been served on the government, which has already made an appearance in the suit, through the court's electronic filing system. Upon initial review of the motion, this court concluded that Havlik's

claims did not meet the standard for a TRO. Doc. 22. We now review his motion, as well as the response and reply, to determine whether Havlik is entitled to a preliminary injunction.

To obtain a preliminary injunction, a movant must show (1) a substantial likelihood of success on the merits of the underlying suit, (2) a substantial threat that he will suffer irreparable injury if the injunction is not granted, (3) that the threatened injury outweighs any damage that the injunction might cause the defendant, an (4) that the injunction will not disserve the public interest. *Bluefield Water Ass'n, Inc. v. City of Starkville, Miss.*, 577 F.3d 250, 252–53 (5th Cir. 2009). The party seeking a preliminary injunction carries the "heavy burden" of showing that his request meets each of these requirements. *Clark v. Prichard*, 812 F.2d 991, 993 (5th Cir. 1987); *Enterprise Int'l, Inc. v. Corporacion Estatal Petrolera Ecuatoriana*, 762 F.2d 464, 472 (5th Cir. 1985). In a prison setting, requests for preliminary injunctive relief are "viewed with great caution because judicial restraint is especially called for in dealing with the complex and intractable problems of prison administration." *Goff v. Harper*, 60 F.3d 518, 520 (8th Cir. 1995) (internal quotations omitted). The court must "give substantial weight to any adverse impact on public safety or the operation of a criminal justice system caused by the preliminary relief . . . ." 18 U.S.C. §§ 3626(a)(1)(A), (a)(2).

On Havlik's medical treatment claims, the government shows that Havlik has received medical treatment for various complaints at least 55 times since his arrival at FCIO in 2012.[1] *See* doc. 28, att. 1, pp. 1–9. While Havlik disputes the adequacy of this treatment, the records show that he has received diagnostic tests, prescription medications, and treatment at the local community hospital and from an orthopedist. The government also shows that Havlik refused a procedure scheduled for August 2018, had two office visits in November 2018, and was scheduled

---

[1] This statement is based on a declaration from Michaela Hano, assistant health services administrator at FCIO, who states that she is familiar with Havlik and has reviewed his medical records. Doc. 28, att. 1, pp. 1–2, ¶¶ 1–3. The government also attaches over 140 pages of medical records relating to Havlik from FCIO. *Id.* at 10–153.

for shoulder surgery in December 2018. *Id.* at p. 9, ¶¶ 37–38. The government's showing suffices to establish that any dispute over treatment is not so urgent as to require preliminary injunctive relief.

On Havlik's retaliation claims, the government asserts that his last placement in solitary confinement was in April 2017, before this lawsuit was initiated, and lasted less than a week. Doc. 28, att. 1, p. 4 ¶ 16. Havlik does not show any retaliation since that time, other than his allegations that medical care is being withheld. Although Havlik complains that he is being denied Tylenol 3 and offered only regular Tylenol in retaliation, he does not show a denial of care sufficient to warrant the court's interference at this stage. Accordingly, his fear of retaliation relating to this lawsuit is insufficient to justify preliminary injunctive relief.

Havlik's claim of withheld medical records is likewise unavailing. Havlik has filed a motion to compel discovery, which is currently awaiting response from the government. Doc. 29; *see* doc. 36 (setting response deadline). Havlik has yet to show that the tools of discovery are inadequate to address any withholding of evidence. Likewise, his vague claims that materials are confiscated and that FCIO employees are otherwise interfering with his ability to pursue his claims are belied by his ability to file this suit and multiple motions therewith. Accordingly, he has not shown any threat of harm sufficient to justify preliminary injunctive relief and the motion must be denied.

Pursuant to 28 U.S.C. § 636(b)(1)(C) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties have fourteen (14) days from receipt of this Report and Recommendation to file written objections with the Clerk of Court. Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days of receipt shall bar an aggrieved party from attacking

either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. See *Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1429–30 (5th Cir. 1996).

THUS DONE AND SIGNED in Chambers this 27th day of February, 2019.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE