# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF LOUISIANA
# LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **NEAL E. HAVLIK** | : | **DOCKET NO. 18-cv-0692** |
| REG. # 24985-009 | | **SECTION P** |
| **VERSUS** | : | **JUDGE SUMMERHAYS** |
| **UNITED STATES OF AMERICA** | : | **MAGISTRATE JUDGE KAY** |

## ORDER

Before the court is a Motion to Compel Discovery [doc. 29] filed by pro se plaintiff Neal E. Havlik. The government opposes the motion and Havlik has filed a reply. Docs. 43, 51. Accordingly, the matter is now ripe for review.

Havlik's original motion merely requests permission to conduct discovery. Doc. 29. It generally is not necessary for a litigant to receive court authority to engage in discovery, a fact pointed out by the government in its opposition to his motion. Doc. 43. In its reply the government goes on to point out to the court that it had complied with plaintiff's request for discovery. Plaintiff then filed a response to the government's reply wherein he contends that "multiple critical documents were missing or intentionally withheld from his medical records." Doc. 51, p. 1. He also alleges that the government has not responded to his request for production of documents received on February 7, 2019. *Id.* at 2. Finally, he appears to assert a new request for production or admission and objects to the government's denials of particular allegations, though it is not clear whether the latter refers to the government's answer or its interrogatory responses.

As an initial matter, the court notes that Havlik fails to include any certification that he conferred with the government before filing this motion. Under Federal Rule of Civil Procedure

-1-

37(a), a party seeking relief through a motion to compel must certify that he first attempted to confer with the opposing party in good faith about the alleged deficiencies. Failure to satisfy this requirement may serve as sufficient reason to deny the motion. *E.g.*, *Roberts v. Lessard*, 2018 WL 1547342, at *2 (M.D. La. Mar. 29, 2018).

Additionally, the court notes that the government received the request for production while this matter was stayed due to a lapse in appropriations. *See* docs. 34, 35. The stay was not lifted until February 22, 2019. The government's 30 day deadline to respond did not begin to run until that day and did not expire until March 25, 2019, the date Havlik authored his reply memorandum. Accordingly, Havlik fails to show an untimely response. He may reurge this motion in the event that the government's response remains outstanding and he has satisfied his obligation to confer in good faith with the government's attorneys.

THUS DONE AND SIGNED in Chambers this 13th day of May, 2019.

KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE