UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **NEAL E. HAVLIK** | : | **DOCKET NO. 18-cv-0692** |
| **REG. # 24985-009** | | **SECTION P** |
| **VERSUS** | : | **JUDGE JAMES D. CAIN, JR.** |
| **UNITED STATES OF AMERICA** | : | **MAGISTRATE JUDGE KAY** |

**REPORT AND RECOMMENDATION**

Before the court is a second Motion for Preliminary Injunction [doc. 38] and Emergency Motion to Expedite Proceedings and/or Third Motion for Preliminary Injunction [doc. 98], filed by federal inmate Neal E. Havlik. Havlik has filed a Federal Tort Claims Act suit based on his medical and dental care at the Federal Correctional Institution at Oakdale, Louisiana ("FCIO"), where he is still incarcerated. *See* doc. 1. The motion has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636.

Havlik seeks injunctive relief on allegations that Bureau of Prisons employees are denying him medical care.[1] Specifically, in the Second Motion for Preliminary Injunction [doc. 38], he asserts that prison staff has refused to schedule him for an evaluation with a neurosurgeon, despite being approved for a consult concerning his "broken spine[2]." Doc. 38. He alleges that staff has refused to give him any pain medication. *Id.* He also asserts he was taken to the hospital in

---

[1] Plaintiff also raises issues related to the pending Motion to Compel and ongoing discovery disputes, which will be addressed in a separate ruling.
[2] In an amended reply to the government's response, plaintiff informs the Court that he has, in fact, now had a consultation with a neurosurgeon in April 2019. Doc. 79.

December of 2018 for rotator cuff surgery, which had to be postponed when it was discovered that the prison staff would not allow physical therapy or prescription pain medication post-surgery. *Id*.

The Emergency Motion to Expedite Proceedings and/or Third Motion for Preliminary Injunction [doc. 98] reiterates these allegations. Plaintiff contends that he is being denied prescription medication and that complains that the Oakdale health staff is not in communication with the outside doctors regarding his spine and rotator cuff injuries.

Plaintiff asks this Court to grant a preliminary injunction on the basis of alleged inadequate medical treatment, or medical treatment with which he disagrees.

To obtain a preliminary injunction, a movant must show (1) a substantial likelihood of success on the merits of the underlying suit, (2) a substantial threat that he will suffer irreparable injury if the injunction is not granted, (3) that the threatened injury outweighs any damage that the injunction might cause the defendant, an (4) that the injunction will not disserve the public interest. *Bluefield Water Ass'n, Inc. v. City of Starkville, Miss.*, 577 F.3d 250, 252–53 (5th Cir. 2009). The party seeking a preliminary injunction carries the "heavy burden" of showing that his request meets each of these requirements. *Clark v. Prichard*, 812 F.2d 991, 993 (5th Cir. 1987); *Enterprise Int'l, Inc. v. Corporacion Estatal Petrolera Ecuatoriana*, 762 F.2d 464, 472 (5th Cir. 1985). In a prison setting, requests for preliminary injunctive relief are "viewed with great caution because judicial restraint is especially called for in dealing with the complex and intractable problems of prison administration." *Goff v. Harper*, 60 F.3d 518, 520 (8th Cir. 1995) (internal quotations omitted). The court must "give substantial weight to any adverse impact on public safety or the operation of a criminal justice system caused by the preliminary relief . . . ." 18 U.S.C. §§ 3626(a)(1)(A), (a)(2).

This Court has previously addressed Havlik's claims regarding medical treatment in the context of a preliminary injunction. Doc. 41. Denying that motion, the Court found the fact that

Havlik has received medical treatment for various complaints at least 55 times since his arrival at FCIO in 2012, including diagnostic tests, prescription medication, treatment at the local community hospital and from an orthopedist, belied his claims that his treatment was inadequate.

Since the plaintiff filed his first motion for preliminary injunction, he continues to receive medical treatment from FCI Oakdale medical staff, as well as outside physicians.

Plaintiff's claim that he is not receiving medication for his pain is contradicted by the sworn declaration of Michaela Chano, Assistant Health Services Administrator at FCI Oakdale, which establishes that he receives Tyelnol 975 mg for his pain, twice daily as needed. Doc. 55, att 1., p. 2 (sealed).

On November 29, 2018, he was treated at an outside Orthopedic Center where it was noted that his complaints of spinal pain are likely related to a healed compression fracture, not a broken spine. Doc. 55, att. 1, p. 10 (sealed). At this appointment, the orthopedist also examined his shoulder and, with respect to his claims regarding his rotator cuff, surgical versus nonsurgical intervention was discussed. Doc. 55, att. 1, pp. 11-12 (sealed). The surgeon noted that plaintiff did wish to proceed with right shoulder arthroscopic resection. *Id*. (sealed). Havlik was scheduled for surgery on December 19, 2018, yet he refused treatment. Notes from the health services center at FCI Oakdale state that he refused the surgery because he was "worried that [he] will not get the physical therapy that is required after the surgery." *Id*. at p. 13.(sealed). He was also "worried that [he] will not get any pain medicine after the surgery because the doctor took [him] off the pain medication over a year ago." *Id*. (sealed).

Plaintiff was seen by neurosurgeon, Dr. Patrick Juneau, on April 18, 201, regarding his thoracic and cervical spine issues. Doc. 110, att. 1, p. 1. Dr. Juneau did not recommend any surgical procedures on the thoracic spine, as he did not see any impingement on the spinal cord or

upon the exiting nerve roots and believes that his thoracic symptoms are primarily myofascial in nature. *Id*. With respect to the cervical spine, Dr. Juneau has made a surgical recommendation. *Id*.

Plaintiff concedes that he has been seen over 61 times in the past two and a half years seeking medical care. Doc. 79, p. 3. Accordingly, the extensive medical records establish that FCI Oakdale medical staff has been treating his conditions and plaintiff has not shown any threat of harm sufficient to justify preliminary injunctive relief. While he may disagree with the medical care he is receiving, plaintiff is receiving medical care at FCI Oakdale. The motion must be denied.

Accordingly,

**IT IS RECOMMENDED** that the Motion for Preliminary Injunction [doc. 38] and Emergency Motion to Expedite Proceedings and/or Third Motion for Preliminary Injunction [doc. 98] be **DENIED**.

Pursuant to 28 U.S.C. § 636(b)(1)(C) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties have fourteen (14) days from receipt of this Report and Recommendation to file written objections with the Clerk of Court. Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days of receipt shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. See *Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1429–30 (5th Cir. 1996).

THUS DONE this 8th day of August, 2019.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE