UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISION

NEAL E. HAVLIK : DOCKET NO. 2:18-CV-00692
    REG. #24985-009

VS. : JUDGE CAIN

UNITED STATES OF AMERICA
: MAGISTRATE JUDGE KAY

## RULING AND ORDER

Before the Court is "Objections to Memorandum Order Denying [47] Motion to strike [28] and Motion for Rehearing Under Rule 15.e." (Rec. #68). Plaintiff Neal E. Havlik seeks reconsideration of the Magistrate Judge's Memorandum Order[1] which denied Havlik's Motion to Strike.[2]

Havlik has filed this lawsuit pursuant to the Federal Tort Claims Act. He complains that he received inadequate and/or improper medical and dental care at the Federal Corrections Institution at Oakdale, Louisiana ("FCIO").

On March 22, 2019, Havlik filed a motion to strike the declaration of Michaela Chano and the defendant's response to Havlik's Motion for

---

[1] Doc. 63.
[2] Doc. 47.

1

Temporary Restraining Order and Preliminary Injunction.[3] In her Memorandum Order, the Magistrate Judge noted that Havlik's motion to strike was received by the court nearly one month after a Report and Recommendation was issued that recommended that Havlik's motion for preliminary injunction be denied.[4] The Magistrate Judge also noted that Havlik filed a second motion for preliminary injunction on the same grounds.[5] Even considering the second motion, the Magistrate Judge concluded that there was no legal basis to grant the relief sought by Havlik.[6]

In his instant motion, Havlik seeks to strike "ALL filings by the government."[7] Havlik complains that the medical records are incomplete, the Government documents are hearsay, and that Chano's declarations are not true.[8] Havlik further accuses the Government of fraud and perjury because the Government provided supplemental discovery documents. Havlik seems to be arguing that because the Government provided these supplemental documents, its actions are equivalent to intentionally and fraudulently withholding the documents.

---

[3] Doc. 28.
[4] The Report and Recommendation was adopted and the injunction denied.
[5] See Doc. 38 and 50.
[6] See Doc. 63, Memorandum Order, p. 1.
[7] Doc. 68, p.1.
[8] Id.

The Government informs the Court that the complete medical records attached to the Government's Opposition to Plaintiff's Second Motion for Preliminary Injunction constitute the complete records that address the allegations set forth in that particular motion.[9] Considering that Havlik fails to show that record is incomplete, the Court finds no basis in law or fact to reverse the Magistrate Judge's Order granting the motion to strike.

The Court notes that Havlik has filed numerous motions that are repetitive and redundant. A review of the record indicates the following:

- Complaint filed 5/23/2018[10]

- Motion for Temporary Restraining Order and Motion for Preliminary Injunction filed 10/15/2018;[11] Denied.[12]

- Motion for Summary Judgment filed 11/21/2018;[13] Denied.[14]

- Motion to Compel filed 12/10/2018;[15] Denied.[16]

- Motion for Preliminary Injunction filed 2/26/2019;[17]

- Motion to Strike filed 3/22/2019;[18] Denied.[19]

---

[9] Doc. 55.
[10] Doc. 1. The Complaint was initially submitted on unapproved forms and had to be resubmitted.
[11] Doc. 21.
[12] Doc. 41 and 52.
[13] Doc. 26.
[14] Doc. 42 and 50. The motion was actually a motion for default; it was denied because when it was filed, the deadline for the Government to file an answer had not expired. The Government timely filed their answer.
[15] Doc. 29.
[16] Doc. 62; Havlik failed to show untimely response, failed to confer with the opposing party and a motion to compel is not necessary to engage in discovery.
[17] Doc. 38.
[18] Doc. 47.
[19] Doc. 63. The Magistrate Judge denied Havlik's motion for the reasons stated herein.

- Motion for Default Judgment;[20] Denied.[21]

- Motion for Summary Judgment;[22]

- Motion for Default Judgment;[23] Denied.[24]

- Appeal of Magistrate Decision;[25]

- Appeal of Magistrate Decision;[26]

- Motion for Default Judgment;[27]Denied.[28]

- Motion to Find Defendants in Contempt of Court for Withholding Evidence;[29] Denied.[30]

- Motion to find defendants in Contempt for Violating an Act of Congress;[31] Denied.[32]

- Motion to Appoint Counsel;[33] Denied.[34]

- Motion to Compel Discovery.[35]

---

[20] Doc. 61.
[21] The Court denied the motion finding no basis for a default.
[22] Doc. 64.
[23] Doc. 67.
[24] Doc. 75. The Court again found no basis for default as the USA had filed an answer.
[25] Doc. 71 titled "Objections to Memorandum order denying [47] Motion to strike [28] and Motion for Rehearing under rule 15.3." Havlik again objects to the Court's order denying his motion to strike all filings by the Government.
[26] Doc. 80. Havlik appeals the Magistrate Judge's Order denying the Motion for Default Judgment (Doc. #76); Havlik argues that the USA has not answered the Amended Complaint. The USA timely filed its Answer to the Amended Complaint. Doc. 96.
[27] Doc. 81.
[28] Doc. 83. Havlik appears to be refiling the same Motion for Default Judgment asserting that the USA has failed to answer the Amended Complaint.
[29] Doc. 86.
[30] Doc. 114. Havlik had previously filed a Motion to Compel. (doc. 92) This was a redundant motion.
[31] Doc.87.
[32] Doc. 115. Havlik argues that it is illegal for the prisons to charge for a medical sick-call copay fee. The Magistrate Judge found that there was no merit to this argument.
[33] Doc. 88.
[34] Doc. 97.
[35] Doc. 92.

- Emergency Motion to Expedite Proceedings, and/or Third Motion for Preliminary Injunction.[36]

- Motion to Correct Docket.[37]

- Motion to Amend Complaint;[38] Denied.[39]

- Objection and Appeal of Magistrate Decision.[40]

- Motion to Strike Defendant's 7 Months Late Answer to Plaintiff's Amended Complaint.[41]

- Objection and Appeal of Electronic Order Denying Plaintiff's Motion for Leave of Court to Amend His Complaint Under Rule 15(e).[42]

- Objection and Appeal of Electronic Order [114], Denying [86] Motion to Find Defendants in Contempt of Court Under Rule 15(e).[43]

- Objections and Appeal of Electronic Order [115], Denying Motion to Find Defendants in Contempt for Violating an Act of Congress [87] under Rule 15(e).[44]

The Court's review of the record as shown above causes us great concern; we find that Havlik is a prolific filer because of the numerous filings in this matter that are repetitive, redundant and frivolous. Congress enacted the Prison Litigation Reform Act ("PRLA") to deter frivolous prisoner litigation by

---

[36] Doc. 98.
[37] Doc. 99. Havlik seeks to amend his complaint to increase the amount of damages sought; in addition; Havlik appears to complain of the judicial process in this case.
[38] Doc. 100.
[39] Doc. 113. The information sought to be added was repetitious of continuing complaints of alleged improper medical treatment.
[40] Doc. 102. Havlik appeals to the Magistrate Judge's Order denying his motion to appoint counsel.
[41] Doc. 109.
[42] Doc. 118.
[43] Doc. 119.
[44] Doc. 120.

5

instituting economic costs for prisoners to file suit. *Patton v. Jefferson Corr. Ctr.*, 136 F.3d 458, 464 (5th Cir. 1998) (quoting *Lyon v. Krol*, 127 F.3d 763, 864 (8th Cir. 1997)). In that same vein, in order to deter Havlik's frequent, duplicative, and unnecessary filings, as of this date, the Court will require Havlik to seek leave of Court prior to filing any future motions in this matter. Accordingly,

**IT IS ORDERED** that the Appeal of the Magistrate Judge's Decision is hereby **DENIED.**

**IT IS FURTHER ORDERED** that Havlik shall file a motion for leave of court prior to filing any future motions or any filings that this Court deems to be a motion; failure to follow this Court's order will result in the motion being stricken from the record.

**THUS DONE AND SIGNED** in Lake Charles, Louisiana on this 17 day of September, 2019.

JAMES D. CAIN, JR.
UNITED STATES DISTRICT JUDGE