UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | |
|---|---|
| NEAL E. HAVLIK<br>REG. #24985-009 | CASE NO. 2:18-CV-00692<br>SECTION P |
| VERSUS | JUDGE JAMES D. CAIN, JR. |
| UNITED STATES OF AMERICA | MAGISTRATE JUDGE KAY |

## MEMORANDUM ORDER

Before the court are "Objections and Appeal of Electronic Order [115], Denying Motion to Find Defendants in Contempt for Violating an Act of Congress [87] under Rule 15(e)." Doc. 120. The objection and appeal were filed by pro se plaintiff Neal E. Havlik. The government, defendant in this matter, has not responded and its time for doing so has passed.

Havlik filed this suit pursuant to the Federal Tort Claims Act in 2018, complaining of the medical and dental care he received at the Federal Correctional Institution at Oakdale, Louisiana ("FCIO"). Since that time he has filed numerous dispositive and non-dispositive motions. In June 2019, he moved to find the government in contempt of court because he alleges that various Bureau of Prisons health services providers charge sick call co-pay fees for chronic care and prescription renewals. Doc. 87. He alleges that this practice violates federal law. *Id.*

The magistrate judge denied the motion by electronic order, noting that the Fifth Circuit has held that the prison system may charge inmates for medical services. Doc. 115

(citing *Morris v. Livingston*, 739 F.3d 740 (5th Cir.), *cert. denied*, 573 U.S. 909 (2014); *Critchley v. Perry*, 575 F. App'x 359 (5th Cir. 2014)). Havlik now appeals that order, maintaining that the billing practices he complains of violate the express provisions of the "Inmate Health Care Act of 2002." Doc. 120.

The district court has authority to review a magistrate judge's decision on a non-dispositive pre-trial motion and to reverse that decision if it is clearly erroneous or contrary to law. 28 U.S.C. § 636(b)(1)(A); *Castillo v. Frank*, 70 F.3d 382, 385 (5th Cir. 1995). The court cannot locate the "Inmate Health Care Act" quoted by Havlik. Instead, guidance on fees charged by the Bureau of Prisons is provided under the BOP's Program Statements, as codified in department regulations. *See* 28 C.F.R. § 549.70 *et seq.* Under § 549.73, an inmate may appeal health service fees through the BOP's Administrative Remedy Program. Havlik does not show that he has pursued administrative remedies relating to his disputed fees, and so demonstrates no basis for holding any party in contempt. Accordingly, he shows no grounds for reversal of the magistrate judge's order and his appeal [doc. 120] must be **DENIED**.

THUS DONE in Chambers on this 17 day of Sept, 2019.

JAMES D. CAIN, JR.
UNITED STATES DISTRICT JUDGE